UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

LIBERTY HYUNDAI, INC. d/b/a
FELDMAN HYUNDAI OF NEW
HUDSON and GENESIS OF NEW
HUDSON,

           Plaintiff,

v.

HYUNDAI MOTOR AMERICAN, INC.
and GENESIS MOTOR AMERICA,
LLC,

           Defendants.

_____/

Case No. 4:23-CV-10214
District Judge F. Kay Behm
Magistrate Judge Anthony P. Patti

## ORDER GRANTING IN PART, DENYING IN PART DEFENDANTS' MOTION TO COMPEL (ECF NO. 68 & 71)

### A.    Background

On January 27, 2023, Plaintiff Liberty Hyundai, Inc. d/b/a Feldman Hyundai of New Hudson and Genesis of New Hudson brought this action against Hyundai Motor America, Inc. and Genesis Motor America, LLC.  Plaintiff's complaint sought damages for alleged violations of Michigan's Franchise Practices Act and/or breaches of contract based on Defendants' denial of Plaintiff's proposed relocation of its Genesis facility.   Plaintiff amended its complaint first on April 24, 2023 (ECF No. 18), and again on August 14, 2024 (ECF No. 73).  The second amended complaint (ECF No. 73) is now the operative pleading.  On March 27,

2024, Judge Behm referred this case to me for all discovery matters pursuant to 28 U.S.C. § 636(b).  (ECF No. 42.)

Defendants filed the instant motion to compel on August 13, 2024. (ECF No. 68 (under seal); ECF No. 71 (public).)  The matter has been fully briefed, and I conducted a hearing on November 20, 2024.

## B.     Order

Upon consideration of the motion papers and oral argument, and for all the reasons stated on the record by the Court, <u>which are hereby incorporated by reference as though fully restated herein</u>, Defendants' motion to compel (ECF No. 68 (under seal); ECF No. 71 (public)), as framed by the joint statements of resolved and unresolved issues (ECF No. 109 & 117), is **GRANTED IN PART AND DENIED IN PART** as follows:

**Unresolved Issue No. 1, regarding Requests for Production 19-24.**  The Court is satisfied that Plaintiff has adequately responded to these requests. Defendants have not provided evidence to suggest that Plaintiff has additional discovery material that it has not produced.  Defendants point to Plaintiff's interrogatory response, which they argue suggest additional documents might exist, but Defendants' hunch is not sufficient to impose additional burdens on Plaintiff, particularly in light of Plaintiff's interrogatory response which indicates that "Feldman . . . did not formally seek any interim or temporary relocation of

2

Feldman Kia of Novi" and that Kia representatives' expressions of being amenable to an interim or temporary relocation were verbal.  (ECF No. 112-5, PageID.2802.)

Looking at proportionality and the high volume of discovery which has been completed on this issue, and in consideration of Plaintiff's acknowledgement of its ongoing responsibility to supplement its answers as necessary, the Court **DENIES** Defendants' motion on this issue.

**Unresolved Issue No. 2.**  This issue has been mooted by the parties' agreement.

**Unresolved Issue No. 3, regarding Plaintiff's Rule 26 initial damages disclosure.**  Defendants challenge Plaintiff's initial disclosures regarding damages under Fed. R. Civ. P. 26(a)(3), arguing that Defendants cannot provide simply a "lump sum" calculation, but must provide sufficient information to determine how the calculations were made.  (ECF No. 71-2.)  The Court is not persuaded that *all* of Plaintiff's damages disclosure constitute a bare bones "lump sum" number, as contemplated by *Detrick v. 84 Lumber*, No. 1:06CV2732, 2008 WL 11381819, at *5 (N.D. Ohio, Jan. 25, 2008).  Defendants conceded at oral argument that damages calculation will be the subject of expert testimony, but even so, the Court finds that at least some of Plaintiff's initial disclosures regarding damages should be supplemented with further specificity.  First, with respect to "Monies Expended to Comply with Keystone and Accelerate," Plaintiff noted that the amount was

3

"about" 1.9 million dollars, and that the damages "could exceed such number upon gathering further information." (ECF No. 71-2, PageID.1804.) Plaintiff also indicated that this amount was arrived at by considering "such related expenses including but are not limited to" various factors. The Court **GRANTS** Defendants' motion on this issue and **DIRECTS** Plaintiff to supplement this disclosure by including *all* such factors on which it relies to arrive at its calculation, and to provide a more accurate damages estimate now that significant discovery has been taken. Plaintiff must provide a breakdown of the dollar figures associated with each factor utilized in its overall figure, to the extent possible. However, for those damages related to "Monies Lost from Incentive Program Ineligibility," the Court is satisfied with the reasonable specificity provided in Plaintiff's disclosures. As to "Loss of Franchise Value," Plaintiff indicated that "[a]s it is the early stages of litigation, Plaintiff is still attempting to finalize its' loss of franchise value" and that "Plaintiff will need to collect more information throughout the pendency of this action." (ECF No. 71-2, PageID.1805.) While the Court recognizes that this final calculation will be based on expert testimony, the Court **GRANTS** Defendants' motion on this issue and **ORDERS** supplementation now that discovery has given Plaintiff more of a basis to give a more targeted and specific number.

**Unresolved Issue No. 4, regarding Defendant's proposed search terms.**
The parties have resolved this issue by stipulating that Plaintiff will run the search term "Harlow," but not run "Don Valley" as a search term.

**Unresolved Issue No. 5, regarding whether Plaintiff must add its Chief Financial Officer Don Valley as an email custodian.** Defendants have persuaded the Court that Don Valley is appropriately included as an email custodian, and Plaintiff has not demonstrated that adding him as an email custodian would be unduly burdensome. Arguing simply that information from Don Valley's email account *may* be duplicative is not sufficient to persuade the Court that he should be excluded. In addition to being the Chief Financial Officer, Mr. Valley is identified in Plaintiff's initial disclosures as someone with relevant knowledge (ECF No. 71-2, PageID.1801) and he is identified as being knowledgeable of information necessary to answer interrogatories. .(*See* ECF No. 71-14, PageID.1925-1926; *see also* ECF No. 117, PageID.2853). Defendants' motion is **GRANTED** on this issue.

Taking into account the Thanksgiving holiday, the supplementation required by this Order must occur by **December 9, 2024**, unless the parties agree to different date.

No costs will be awarded to either side, as neither side wholly prevailed in their position. *See* Fed. R. Civ. P. 37(a)(5).

**IT IS SO ORDERED.**[1]

Dated:  November 21, 2024

_____
Anthony P. Patti
UNITED STATES MAGISTRATE JUDGE

---

[1] The attention of the parties is drawn to Fed. R. Civ. P. 72(a), which provides a period of fourteen (14) days after being served with a copy of this order within which to file objections for consideration by the district judge under 28 U.S.C. § 636(b)(1).