UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

LIBERTY HYUNDAI, INC. d/b/a
FELDMAN HYUNDAI OF NEW
HUDSON and GENESIS OF NEW          Case No. 4:23-CV-10214
HUDSON,                            District Judge F. Kay Behm
                                   Magistrate Judge Anthony P. Patti
            Plaintiff,

v.

HYUNDAI MOTOR AMERICAN, INC.
and GENESIS MOTOR AMERICA,
LLC,

            Defendants.

_____/

### ORDER GRANTING IN PART, DENYING IN PART PLAINTIFF'S MOTION TO COMPEL (ECF NO. 123 & 124)

**A.    Background**

On January 27, 2023, Plaintiff Liberty Hyundai, Inc. d/b/a Feldman Hyundai

of New Hudson and Genesis of New Hudson brought this action against Hyundai

Motor America, Inc. and Genesis Motor America, LLC.  Plaintiff's complaint

sought damages for alleged violations of Michigan's Franchise Practices Act

and/or breaches of contract based on Defendants' denial of Plaintiff's proposed

relocation of its Genesis facility.   Plaintiff amended its complaint first on April 24,

2023 (ECF No. 18), and again on August 14, 2024 (ECF No. 73).  The second

amended complaint (ECF No. 73) is now the operative pleading.  On March 27,

2024, Judge Behm referred this case to me for all discovery matters pursuant to 28 U.S.C. § 636(b).  (ECF No. 42.)

Defendants filed the instant motion to compel on January 27, 2025. (ECF No. 124 (under seal); ECF No. 123 (public).)  The matter has been fully briefed, and I conducted a hearing on March 12, 2025.

B.     Order

Upon consideration of the motion papers and oral argument, and for all the reasons stated on the record by the Court, <u>which are hereby incorporated by reference as though fully restated herein</u>, Defendants' motion to compel (ECF No. 124 (under seal); ECF No. 123 (public)), as framed by the joint statement of resolved and unresolved issues (ECF No. 147), is **GRANTED IN PART AND DENIED IN PART**.  In making this ruling, the Court is particularly mindful of Fed. R. Civ. P. 26(b)(1), with a specific focus on proportionality, given this case's lengthy and voluminous discovery process which has already occurred, and the needs of the case.  Accordingly, the Court's rulings are as stated on the record and outlined below:

**Unresolved Issue No. 1.  Whether Defendants must expand the relevant time period of documents searched/produced regarding LaFontaine's proposed new Hyundai and Genesis dealerships in Commerce Township (GMA-RFPs: 3, 22(b), 39, and 50; HMA-RFPs: 3, 9, 31, 42, and 52).**

While this discovery has relevance, as written the discovery is not proportional to the needs of the case.  Plaintiffs suggest the request be limited to GMA-RFP 3, further limited to only Lamb and Sep as the custodians, and cutting the period off at the LaFontaine construction start date.  The Court agrees that this suggestion is reasonable, and, as also suggested by Plaintiffs, will further limit it to documents that show the approval process and what was finally approved.

As so narrowed, the Court **GRANTS IN PART** the motion on this issue. The Court finds the modified request is relevant and proportional to the needs of the case and **ORDERS** Defendants to respond to the limited request, as narrowed by the Court.  The parties should agree upon one or two key words which should be searched in order to comply with this request.

**Unresolved Issue No. 2. Whether Defendants must expand the relevant time period of documents searched for and produced regarding the incentive monies paid and/or accruing to the LaFontaine dealerships (GMA-RFPs: 24, 35, and 37; HMA-RFPs 15 and 37).**

The Court agrees with Defendants that the transcript of a previous hearing (ECF 101, PageID. 2671) demonstrates that Plaintiff knew that construction had begun as of September of 2024, since Plaintiff had notice of the construction at that time.  Further, most of the documents relating to this issue were produced in August 2024.  (See ECF No. 124, PageID.3225-3226.)  The Court further notes

3

that Plaintiffs admittedly failed to question Paul Lamb and Mike Ziganto at their depositions (soon after filing this motion) regarding incentives paid, and Plaintiffs' expert has not shown a need for this information through a supporting declaration. The Court will not further burden Defendants with discovery obligations on this issue and therefore **DENIES** the motion on this issue.

**Unresolved Issue No. 3. Whether Defendants must supplement their production and complete sets of project status spreadsheets delineating the status of LaFontaine and Feldman's proposals, as well as scorecards depicting LaFontaine and Feldman's compliance with Accelerate and Keystone and the concomitant benefits available. (GMA-RFPs: 65(a)-(b) and HMA-RFPs: 62(a)-(b) and 63).**

Plaintiff's motion is on this issue is **DENIED IN PART, GRANTED IN PART.** The Court will not compel further response to HMA-RFP 63, related to the spreadsheets. The Court finds such production unduly burdensome, in that Plaintiff has other, more efficient avenues to obtain the information sought in the spreadsheets and the response is not proportional to the needs of the case. However, Plaintiff may explore discovery as to the spreadsheets in other, more limited manners, such as with narrowed and targeted interrogatories seeking the exact information necessary or as a Rule 30(b)(6) deposition topic. Seeking

production of the spreadsheets, however, is overly broad and the burden or expense of the proposed discovery outweighs its likely benefit.

This is not true as to the scorecards however, and the Court will order their production pursuant to GMA-RFP 65(a)-(b) and HMA-RFP 62(a)-(b).  The Court does not find this production unduly burdensome, but rather proportional to the needs of the case, and Defendants are **DIRECTED** to fully respond to these requests. (ECF No. 124-12, PageID.3491.)

The Court **LIMITS** production of any information related to the scorecards (or to spreadsheets, if propounded in targeted, revised interrogatories or a Rule 30(b)(6) topic) through December 2024, as suggested by Plaintiff at the hearing.

**Unresolved Issue No. 4. Whether Defendants must supplement their production and provide information regarding discretionary allocation received by LaFontaine in exchange for construction to the present. (GMA-RFPs: 24 and 34; and HMA-RFPs: 18 28, 40)**

While the Court finds this information to be of marginal relevance, the Court also finds the burden to produce this information to be minimal *if requested by means other than requests for production.* Asking for more documents at this late date, in an expansive manner, is not proportional to the needs of the case. Instead, Plaintiff may explore the specific numbers through targeted interrogatories

or through questioning a Rule 30(b)(6) deposition witness.  Any discovery sought on this subject shall be limited through December 2024, as suggested by Plaintiff at the hearing.

Responsive documents must be produced by **April 2, 2025**, unless the parties agree to different date.

No costs will be awarded to either side, as neither side wholly prevailed in their position.  *See* Fed. R. Civ. P. 37(a)(5).

**IT IS SO ORDERED.**[1]

Dated:  March 13, 2025

_____

Anthony P. Patti
UNITED STATES MAGISTRATE JUDGE

---

[1] The attention of the parties is drawn to Fed. R. Civ. P. 72(a), which provides a period of fourteen (14) days after being served with a copy of this order within which to file objections for consideration by the district judge under 28 U.S.C. § 636(b)(1).